IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-01789-PAB-NRN

RON MACLACHLAN, JR.,
CASPER STOCKHAM,
LO BECKER, and
JOHN DOES 1-100 and JANE DOES 1-100,

       Plaintiffs,

v.

MAYOR MICHAEL HANCOCK, in both his individual and official capacity as Mayor for
the City and County of Denver,
MURPHY BROWN, in his individual capacity as then acting Manager of the Department
of Public Safety,
PAUL PAZEN, in both his individual capacity and official capacity as Chief of Police for
the Denver Police Department,
AARON SANCHEZ, in both his individual capacity and official capacity as Division Chief
for the Denver Police Department,
ROBERT WYKOFF, in both his individual capacity and official capacity as Lieutenant for
the Denver Police Department,
RON THOMAS, in both his individual capacity and official capacity as Division Chief for
the Denver Police Department,
JULIE WHEATON, in both her individual capacity and official capacity as Lieutenant for
the Denver Police Department,
ROSE WATTS, in both her individual capacity and official capacity as deputy director of
the office of special events for the City and County of Denver,
ALLEGRA HAPPY HAYNES, in both her individual capacity and official capacity as
Manager of Denver Parks and Recreation,
AFRO-LIBERATION FRONT AND LIBERATION-DENVER,
AURORA COPEWATCH,
DENVER HOMELESS OUTLOUD,
DENVER COMMUNIST PARTY,
LILLIAN HOUSE, an individual,
CARYN SODARO, an individual,
SHERRIE SMITH, an individual,
TERRANCE ROBERTS, an individual, and
JOHN DOES 1-100 and JANE DOES 1-100,

       Defendants.

---

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Report and Recommendation on Defendants' Motion to Dismiss (Dkt. # 34) [Docket No. 67]. The Court has jurisdiction under 28 U.S.C. § 1331.

### I.  BACKGROUND

The facts are set forth in the magistrate judge's recommendation, Docket No. 67 at 2-6, and the Court adopts these facts for the purposes of ruling on the objections. In the amended complaint, plaintiffs Ron MacLachlan, Casper Stockham, and Lo Becker assert four claims against defendants: (1) a claim for deprivation of First Amendment rights pursuant to 42 U.S.C. § 1983 asserted by all plaintiffs; (2) a claim for conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985(3) by all plaintiffs; (3) a claim for First Amendment "onerous conditions" pursuant to 42 U.S.C. § 1983 by Mr. MacLachlan; and (4) a claim for First Amendment retaliation pursuant to 42 U.S.C. § 1983 by Mr. MacLachlan.[1]  Docket No. 32 at 28-38; *see also* Docket No. 67 at 6.[2]

Defendants Michael Hancock, Murphy Brown, Paul Pazen, Robert Wykoff, Ron Thomas, Julie Wheaton, Rose Watts, and Allegra Haynes (collectively, the "City

---

[1] Plaintiffs originally filed the amended complaint on March 22, 2023.  Docket No. 29. However, that complaint was only signed by Mr. MacLachlan. *Id*. at 38.  On May 4, 2023, plaintiffs filed an amended complaint signed by all the plaintiffs.  Docket No. 32. The Court will reference Docket No. 32 in this order.

[2] The amended complaint also asserts claims on behalf of plaintiff Pro-Police Rally Colorado, a non-profit corporation.  *See* Docket No. 32 at 1.  However, Pro-Police Rally Colorado's claims were previously dismissed without prejudice because it did not have counsel and could not proceed *pro se* in this case as a corporate entity.  Docket No. 66; *see also* Docket No. 67 at 3 n.3.

defendants") filed a motion to dismiss plaintiffs' claims.  Docket No. 34.  On December 7, 2023, the magistrate judge issued a recommendation to grant the motion to dismiss. Docket No. 67.  The recommendation states that any objections must be filed within fourteen days after service on the parties.  *Id*. at 22.  On December 13, 2023, plaintiffs requested an extension of time to file an objection, Docket No. 68, and the Court permitted plaintiffs to file an objection on or before January 2, 2024.  Docket No. 69. Plaintiffs filed an objection on January 2, 2024.  Docket No. 70.  On January 16, 2024, the City defendants responded to the objection.  Docket No. 71.  On February 16, 2024, plaintiffs filed a reply.  Docket No. 77.[3]

## II.  LEGAL STANDARD

### A.  Objections to a Magistrate Judge's Recommendation

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*").  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927

---

[3] Plaintiffs originally filed a reply on January 30, 2024, *see* Docket No. 72; however, the Court struck the reply for failure to comply with the Court's Practice Standards and the Local Rules.  Docket No. 74.  The Court permitted plaintiffs to file a reply on or before February 16, 2024.  *See* Docket No. 76.

F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiffs are proceeding *pro se*, the Court will construe their objections and pleadings liberally without serving as their advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### B. Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting

4

*Twombly*, 550 U.S. at 555) (alterations omitted).  A court, however, does not need to accept conclusory allegations.  *See, e.g., Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("we are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

 "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (alterations omitted).

## III. ANALYSIS

 The magistrate judge recommends dismissing Mr. Becker's first and second claims, which arise out of the events on July 19, 2020, as barred under the statute of limitations.  Docket No. 67 at 10, 13-14.  The magistrate judge noted that claims under § 1983 and § 1985 are subject to a two-year statute of limitations.  *Id*. at 10.  Mr. Becker was added as a plaintiff in the amended complaint, filed on May 4, 2023.  *Id*. at 3.  The

magistrate judge explained that, pursuant to Fed. R. Civ. P. 15(c), an amended complaint adding a new plaintiff relates back to the original complaint "provided there was notice to the defendants of the existence of the additional claim and a mistake in the original pleading as to the proper party." *Id.* at 13. (quoting *Ambraziunas v. Bank of Boulder*, 846 F. Supp. 1459, 1467 (D. Colo. 1994)). The magistrate judge concluded that "Plaintiff Becker has not demonstrated that 'but for a mistake concerning the proper party's identity,' he would have been included as a plaintiff in the original complaint. Accordingly, he is time barred from asserting Claims 1 and 2, which are the only ones he brings in this lawsuit." *Id.* at 13-14.

Furthermore, the magistrate judge recommends dismissing Mr. MacLachlan and Mr. Stockham's first and second claims against the City defendants in their individual capacities because plaintiffs failed to allege the state action requirement. *Id.* at 14-17 ("'private conduct, no matter how discriminatory or wrongful' is excluded from the reach of § 1983's state-action requirement.") (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). The magistrate judge found that plaintiffs did not plausibly allege that any private parties were acting under color of law because "Plaintiffs offer only the most bare and conclusory allegations that [the City defendants] cooperated with, shared the same goals with, or acted in concert with the rioters." *Id.* at 16-17. For the second claim, the magistrate judge also found that plaintiffs did not properly allege that any conspiracy was motivated by racial or other class-based animus. *Id.* at 17.

The magistrate judge recommends dismissing Mr. MacLachlan's third and fourth claims against Ms. Watts because the complaint does not plausibly allege that Ms.

6

Watts had any discriminatory motive or that her conduct caused the alleged deprivation of Mr. MacLachlan's constitutional rights.  *Id*. at 18-19.  The magistrate judge recommends dismissing the third and fourth claims against the rest of the City defendants in their individual capacities because the amended complaint contains no allegations suggesting that these defendants personally participated in the 2022 permitting process.  *Id*. at 18.

Additionally, the magistrate judge recommends dismissing the official capacity claims against the City defendants because plaintiffs "neither plausibly allege a constitutional violation nor identify any municipal policy or custom that was the moving force behind a constitutional deprivation."  *Id*. at 21.  Furthermore, the magistrate judge recommends dismissing all defendants who have not been served pursuant to Fed. R. Civ. P. 4(m).  *Id*. at 4.  The magistrate judge also recommends dismissing defendants "John and Jane Does 1-100" because these defendants have not been identified.  *Id*.

Plaintiffs filed a timely objection to the recommendation.  *See* Docket No. 70; *see also* Docket No. 69.  The Court construes plaintiffs' filing as raising five objections.

### A.  <u>Objection One</u>

Plaintiffs state that, "[i]n the court[']s summarization of the events of the 2020 [Pro-Police Rally Colorado] event[,] much is missing from the original as well as the amended complaint[,] which I believe needs to be instated for it will reinforce the dynamic of accountability for what happened on that day."  Docket No. 70 at 2, ¶ 5. Plaintiffs then recite numerous allegations from the amended complaint.  *Id*. at 2-10,

¶¶ 6-44, 49-58.[4]  Plaintiffs' first objection is not specific because it provides no explanation why the legal conclusions in the recommendation are erroneous.  *See One Parcel*, 73 F.3d at 1059 (discussing how a specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.").  Plaintiffs' suggestion that the recited allegations "reinforce the dynamic of accountability," *see* Docket No. 70 at 2, ¶ 5, is not specific enough to allow the Court to focus attention on any discrete legal conclusion in the recommendation.  The Court therefore overrules the first objection.

## B. Objection Two

Plaintiffs state that "[t]he Denver Police Department willfully and wantonly stood by and allowed our First Amendment rights to be taken from us by a mob of people that they themselves knew about 72 hours prior to this lawfully assembled paid for event." *Id*. at 11, ¶ 78; *see also id*. at 12, ¶ 87 ("By doing nothing Denver PD deprived persons of rights and privileges.").  The Court construes this argument as raising an objection to the magistrate judge's conclusion that plaintiffs failed to allege the state action requirement for the first and second claims.

The Court finds that the magistrate judge correctly concluded that plaintiffs failed to allege the state action requirement.  *See* Docket No. 67 at 15-17.  "Under Section

---

[4] Plaintiffs also request that the Court consider a YouTube video "to show some Factual Matter as to the events that took place on July 19th 2020."  Docket No. 70 at 8, ¶ 45.  Plaintiffs did not present this video in response to defendants' motion to dismiss. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also Maurer v. Idaho Dep't of Corr.*, 799 F. App'x 612, 614 n.1 (10th Cir. 2020) (unpublished).  Accordingly, the Court will not consider the video.

1983, liability attaches only to conduct occurring 'under color of law.'  Thus, under the state action doctrine, a proper defendant in a § 1983 action is one who represents the state in some capacity."  *Schwab v. Kansas Dep't of Child. & Fams.*, 851 F. App'x 110, 117 (10th Cir. 2021) (unpublished) (citations omitted).  However, a private actor may be considered a state actor under the "joint action" test if the "state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights."  *Wittner v. Banner Health*, 720 F.3d 770, 777 (10th Cir. 2013) (quoting *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir. 1995)).  The "pleadings must specifically present facts tending to show agreement and concerted action."  *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1126 (10th Cir. 2000) (citation omitted). "[A]ction taken by private entities with the mere approval or acquiescence of the State is not state action."  *Wittner*, 720 F.3d at 777 (quoting *Sullivan*, 526 U.S. at 52).

The magistrate judge correctly found that plaintiffs failed to plausibly allege any specific facts showing agreement and concerted action between the City defendants and the rioters.  *See* Docket No. 67 at 16-17.  Plaintiffs' objection that "[t]he Denver Police Department willfully and wantonly stood by and allowed our First Amendment rights to be taken from us by a mob of people," *see* Docket No. 70 at 11, ¶ 78, is insufficient to establish state action.  *See Wittner*, 720 F.3d at 777 ("action taken by private entities with the mere approval or acquiescence of the State is not state action.") (citation omitted).  Accordingly, the Court overrules this objection.

**C. Objection Three**

Plaintiffs state that "Plaintiff Lo Becker was not aware of the lawsuit.  He was never contacted by Mr. Coroporon."  Docket No. 70 at 10, ¶ 64.  The Court construes this argument as raising an objection to the magistrate judge's conclusion that Mr. Becker's claims are barred by the statute of limitations.  The Court overrules this objection.  It is immaterial whether plaintiffs' former counsel ever contacted Mr. Becker about joining the lawsuit.  "[A] civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Herrera v. City of Espanola*, 32 F.4th 980, 990 (10th Cir. 2022) (citation omitted).  The magistrate judge correctly concluded that Mr. Becker filed his claims outside of the two-year statute of limitations period for § 1983 and § 1985 claims.  *See* Docket No. 67 at 10, 12-14.  Mr. Becker has failed to show that his claims should relate back to the original compliant pursuant to Rule 15(c) because he has presented no evidence that there was a "mistake in the original pleading as to the proper party."  *See Ambraziunas*, 846 F. Supp. at 1467.

Plaintiffs appear to alternatively request that the Court dismiss Mr. Becker's claims without prejudice.  *See* Docket No. 70 at 11, ¶ 67 ("Your honor I humbly ask that we remain without prejudice on . . . rule 15(c).").  However, a claim barred by the statute of limitations should be dismissed with prejudice.  *See Sanchez v. City of Littleton*, 491 F. Supp. 3d 904, 913 (D. Colo. 2020) ("If a claim is untimely under the statute of limitations it [will] be dismissed with prejudice." (citations omitted)); *McGowan v. Wal-Mart Stores*, 757 F. App'x 786, 788 n.3 (10th Cir. 2019) (unpublished) ("A dismissal

based on timeliness would ordinarily be with prejudice.").  Accordingly, the Court overrules this objection and will dismiss Mr. Becker's claims with prejudice as barred under the statute of limitations.

### D.  Objection Four

Furthermore, plaintiffs seem to request that the Court reject the recommendation and allow plaintiffs to conduct discovery.  *See* Docket No. 70 at 11, ¶ 70 ("Today I humbly ask the court to please review the evidence that is in (Stay Status) so that we could put away any doubt as to the legitimacy of the allegations."); *id*., ¶ 67 (requesting to see "the preserved evidence as we go forward").  The Court overrules this objection.  A plaintiff is not entitled to discovery in order to state plausible allegations in the complaint.  *See Frey v. Town of Jackson, Wyoming*, 41 F.4th 1223, 1243 (10th Cir. 2022) ("in *Twombly*, the seminal case on federal pleading standards, the Supreme Court rejected the idea that a plaintiff may proceed to discovery armed with just a belief that discovery might reveal facts to support his claims.").  Rather, a plaintiff must present enough facts in the complaint "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  As a result, the Court overrules this objection.

### E.  Objection Five

The magistrate judge recommends dismissing all defendants who have not been served pursuant to Fed. R. Civ. P. 4(m).  Docket No. 67 at 4.  The magistrate judge does not discuss whether the dismissal for these defendants should be with or without prejudice.  Plaintiffs request that "we remain without prejudice on rule 4(m)."  Docket No. 70 at 11, ¶ 67.

Pursuant to Fed. R. Civ. P. 4(m),

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  The Tenth Circuit employs a two-part analysis for dismissals under Rule 4(m).  *Sarnella v. Kuhns*, No. 17-cv-02126-WYD-STV, 2018 WL 1444210, at *2 (D. Colo. Mar. 23, 2018) (citing *Womble v. Salt Lake City Corp.*, 84 F. App'x 18, 20 (10th Cir. 2003) (unpublished); *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)).  The Court must first consider whether plaintiff has shown good cause for failing to effectuate service.  *Id*.  If plaintiff demonstrates good cause, then she is entitled to a mandatory extension of time.  *Id*.  "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted.  The court may then, within its discretion, dismiss without prejudice or extend the time for service."  *Id*.

Plaintiffs filed their amended complaint on May 4, 2023.  Docket No. 32.  There is no indication on the docket that plaintiffs have served defendants Aaron Sanchez, Afro-Liberation Front and Liberation-Denver, Aurora Copewatch, Denver Homeless Outloud, Denver Communist Party, Lillian House, Caryn Sodaro, Sherrie Smith, or Terrance Roberts.  Plaintiffs have not demonstrated good cause for failing to effectuate service. Plaintiffs do not request a permissive extension of time to effectuate service, but rather ask for the dismissal to be without prejudice.  *See* Docket No. 70 at 11, ¶ 67.  The Court agrees with plaintiffs that a dismissal under Rule 4(m) should be without prejudice.

Accordingly, pursuant to Rule 4(m), the Court will dismiss plaintiffs' claims against the unserved defendants without prejudice.  *See Sarnella*, 2018 WL 1444210, at *2.

### F.  Non-Objected to Portions of the Recommendation

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record."  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

## IV. CONCLUSION

Accordingly, it is

**ORDERED** that the Report and Recommendation on Defendants' Motion to Dismiss (Dkt. # 34) [Docket No. 67] is **ACCEPTED**.  It is further

**ORDERED** that plaintiffs' objections [Docket No. 70] are **OVERRULED in part and ACCEPTED in part**.  It is further

**ORDERED** that the Motion to Dismiss [Docket No. 34] is **GRANTED**.  It is further

**ORDERED** that plaintiffs' claims are **dismissed with prejudice** against defendants Michael Hancock, Murphy Brown, Paul Pazen, Robert Wykoff, Ron Thomas, Julie Wheaton, Rose Watts, and Allegra Haynes.  It is further

**ORDERED** that plaintiffs' claims are **dismissed without prejudice** against defendants Aaron Sanchez, Afro-Liberation Front and Liberation-Denver, Aurora Copewatch, Denver Homeless Outloud, Denver Communist Party, Lillian House, Caryn Sodaro, Sherrie Smith, Terrance Roberts, and John Does 1-100 and Jane Does 1-100. It is further

13

**ORDERED** that this case is closed.

DATED March 7, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge